**COURT OF CHANCERY
OF THE
STATE OF DELAWARE**

PATRICIA W. GRIFFIN
MASTER IN CHANCERY

CHANCERY COURTHOUSE
34 The Circle
GEORGETOWN, DELAWARE 19947

Final Report:  July 16, 2020
Date Submitted:   May 22, 2020

Angela M. Fowler, Esquire
Benton Lynn Law, P.A.
308 South State Street
Dover, DE 19901

David J. Ferry, Jr., Esquire
Brian Ferry, Esquire
Ferry Joseph, P.A.
824 N. Market Street, Suite 1000
PO Box 1351
Wilmington, DE 19899

RE:   *David Tikiob v. Sue Tikiob-Carlson*
      C.A. No. 2020-0027-PWG

Dear Counsel:

Pending before me is a motion to dismiss a petition brought by a son claiming his sister violated her duties as their father's agent under a durable power of attorney and seeking an accounting of her transactions while acting as agent and her revocation as agent, among other relief.  The sister's motion seeks dismissal of the petition under Court of Chancery Rule 12(b)(6) because the proper power of attorney was not attached to the petition and the petition requests improper and unattainable relief; under Court of Chancery Rule 12(b)(7) for failing to join an indispensable party – another brother appointed as first alternate agent by the father; and for seeking to establish a guardianship without complying with

requirements under Delaware law. I recommend the Court deny the motion, including dismissal under Rule 12(b)(6) and because the petition does not seek to establish a guardianship. I also recommend the Court deny dismissal under Rule 12(b)(7), without prejudice, and order the joinder of the father, as principal, and the brother, as first alternate agent, under Court of Chancery Rule 19(a). This is a final report.

## I.    Background

Petitioner David Tikiob ("David") filed a petition ("Petition") to strike a power of attorney under Delaware's Durable Personal Powers of Attorney Act ("DPPAA") on January 14, 2020.[1] He seeks to compel Respondent Sue Tikiob-Carlson ("Sue"), his sister and agent for Richard Downer Tikiob, Sr. ("Richard Sr."), their father, to account for transactions undertaken since she became agent, and to refrain from "exercising authority for the purpose of maintaining her own inheritance."[2] He also asks the Court to terminate Sue's power of attorney and establish a new power of attorney for Richard Sr.

Sue filed a motion ("Motion") seeking dismissal of the Petition because (1) the Petition includes a copy of a health care power of attorney, which is not governed by DPPAA; (2) some of the relief requested fails to state a claim upon

---

[1] Docket Item ("D.I.") 1; *see also* 12 *Del. C.* §49A-116. I use first names in pursuit of clarity and intend no familiarity or disrespect.

which relief can be granted under Rule 12(b)(6); (3) the Petition should be dismissed under Rule 12(b)(7) for failure to join an indispensable party, a brother, Richard Tikiob, Jr. ("Richard Jr."); and (4) the Petition improperly seeks a guardianship without complying with 12 *Del. C.* §3901 *et seq.*[3]

David's April 24, 2020 answering brief acknowledges that the incorrect power of attorney document was attached to the Petition due to a clerical error, and provides a copy of the correct durable power of attorney for Richard Sr. ("DPOA").[4]  He argues the Court has authority to grant some of the relief requested, Richard Jr. is not an indispensable party and can be joined, if needed, and David is not seeking to establish a guardianship through this action.[5]

In her May 22, 2020 reply, Sue claims that a clerical error is properly remedied through a motion under Court of Chancery Rule 60(a) and the Petition's amendment; David's claims are not supported by specific facts; and the Court lacks authority to grant the relief requested, or to appoint a new power of attorney.[6]

## II. Analysis

---

[2] D.I. 1, at 5.

[3] D.I. 12.

[4] D.I. 24, at 6-7.

[5] D.I. 14, at 8-10.

[6] D.I. 15.

First, Sue argues that the Petition should be dismissed with prejudice under Court of Chancery Rule 15(aaa), because the document attached to the Petition was a health care power of attorney, which is not governed by DPPAA, and David failed to move under Rule 60(a) to correct that error by amending his petition. David admits that, because of a clerical error, he attached the incorrect document to the Petition, but points to the absence of a dispute as to the DPOA's existence, and of prejudice since Sue is "well aware of the document."[7]  He asserts that, consistent with the spirit of Court of Chancery Rule 9(d), the DPOA's inadvertent absence should not be a basis for dismissal.

Under Rule 12(b)(6), the Court may dismiss a party's action for failure to state a claim.  When considering a respondent's motion to dismiss, "a trial court should accept all well-pleaded factual allegations in the [petition] as true, accept even vague allegations in the [petition] as "well-pleaded" if they provide the [respondent] notice of the claim, draw all reasonable inferences in favor of the [petitioner], and deny the motion unless the [petitioner] could not recover under any reasonably conceivable set of circumstances susceptible of proof."[8] Conclusions in the petition are not "accepted as true without allegations of facts to

---

[7] D.I. 14, at 6-7.

[8] *Cent. Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 27 A.3d 531, 536 (Del. 2011); *see also Dunlap v. State Farm Fire & Cas. Co.*, 878 A.2d 434, 438-39 (Del.

4

support them."[9]  "As a general rule, when deciding a Rule 12(b)(6) motion, the Court is limited to considering only the facts alleged in the [petition] and normally may not consider documents extrinsic to it."[10]  However, if a Court considers extrinsic documents in deciding a motion to dismiss, the Court treats "the motion to dismiss as a motion for summary judgment, unless an exception applies."[11] There are two exceptions to the general rule: (1) when an extraneous document is integral to, and incorporated by reference into, the petition, and (2) when a document "is not being relied upon to prove the truth of its contents."[12]  In determining what documents are integral to the complaint, there is no bright-line rule for the Court to follow and the Court must make a "facts-and-circumstances" inquiry.[13]

---

2005); *Stritzinger v. Barba*, 2018 WL 4189535, at *6 (Del. Ch. Aug. 31, 2018) (citing *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 896-97 (Del. 2002).

[9] *In re Tri-Star Pictures, Inc., Litig.*, 634 A.2d 319, 326 (Del. 1993); *Orman v. Cullman*, 794 A.2d 5, 15 (Del. Ch. 2002)

[10] *Orman*, 794 A.2d at 15; *see also Wal-Mart Stores, Inc. v. AIG Life Ins. Co.,* 860 A.2d 312, 320 (Del. 2004).

[11] *Johnson v. Student Funding Grp., LLC*, 2015 WL 351979, at *1 (Del. Super. Jan. 26, 2015); *see also Wal-Mart Stores, Inc.,* 860 A.2d at 320 ("Court of Chancery Rule 12(b) provides that if the court considers matters outside the pleadings, the motion shall be 'treated as one for summary judgment'").

[12] *In re Santa Fe Pac. Corp. S'holder Litig.*, 669 A.2d 59, 69 (Del. 1995); *Orman*, 794 A.2d at 15-16 (citations omitted).

[13] *See In re Gardner Denver, Inc.*, 2014 WL 715705, at *2-*3 (Del. Ch. Feb. 21, 2014) ("The Court's context-specific analysis to determine whether a document is integral cautions against an effort to synthesize this precedent into a bright-line rule").

The Petition states that "[u]pon information and belief, [Sue has] been appointed as durable power of attorney for [Richard Sr.]."[14] It further claims to incorporate by reference "Exhibit A" as a copy of the relevant power of attorney.[15] However, a health care power of attorney for Richard Sr. was attached as Exhibit A, rather than the correct durable power of attorney. Therefore, the DPOA is extraneous to the Petition.[16] For purposes of this motion to dismiss, I consider the reference to the "durable power of attorney" for Richard Sr. in the Petition, and the fact that DPPAA serves as the basis for this litigation, and find that the DPOA was integral to, and incorporated by reference into, the Petition, and consider it without requiring the conversion of the Motion into a motion for summary judgment.[17] I recommend the Court deny dismissal of the Petition under Rule 12(b)(6) based upon the failure to include the DPOA with the Petition.

Next, Sue moves to dismiss under Rule 12(b)(6) because the Petition seeks improper and unobtainable relief, including asking the Court (1) to compel Sue to refrain from taking actions "for the purpose of maintaining her own inheritance,"

---

[14] D.I. 1, ¶ 9.

[15] *Id.*

[16] The DPOA was attached to David's answering brief to the Motion. D.I. 14, Ex. A.

[17] To amend the Petition to include the correct power of attorney would have offered a less risky approach to rectifying the error, given the potential dismissal of the petition with prejudice under Rule 15(aaa). In addition, I do not find David's argument that the "spirit" of Rule 9(d) addresses this situation persuasive, since the official documents

which Sue argues is overly broad, vague, and unenforceable, and (2) to establish a new power of attorney for Richard Sr. as that action falls "outside the province of the Court of Chancery."[18]  Here, if the factual allegations in the Petition provide notice of the claims, all reasonable inferences are drawn in David's favor and the Motion is denied unless David could not recover under any reasonably conceivable set of circumstances.  David claims Sue has squandered Richard Sr.'s resources "for her own gain and the gain of those in her inner circle," including giving "expensive gifts for family and friends;" moved Richard Sr. to a nursing home to preserve his resources "to afford a greater inheritance to his designing issue after his death;" "mismanaged properties within [Richard Sr.'s] control so as to advance the personal interests and relieve financial burdens of family and friends; has been self-dealing in her expenditures; and has acted in bad faith, violating her fiduciary duties to Richard [Sr.] for her own benefit and the benefit of others."[19]

Drawing all inferences in David's favor, I find these allegations are well-pleaded (provide notice of what is being claimed) and it is reasonably conceivable that David could recover on these claims.  The relief sought by David, even if

---

referenced in Rule 9(d) relate to governmental documents. *See* Ct. Ch. Rule 9(d); Ct. Ch. Rule 44.

[18] D.I. 12, at 8-10.

[19] D.I. 1, ¶¶ 15, 17.

stated in an "inartful manner,"[20] is generally allowable under 12 *Del. C.* §49A-116.[21] And, appropriate relief is determined by the Court once the claims have been resolved. Accordingly, I recommend the Court deny dismissal of the Petition under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

In addition, Sue seeks dismissal of the Petition under Rule 12(b)(7) for failure to join Richard Jr., who, she claims, is an indispensable party to the litigation because he is a beneficiary of Richard Sr.'s estate and named as the first alternate agent if Sue cannot act as Richard's agent.[22] An action may be dismissed under Rule 12(b)(7) for failure to join an indispensable party under Rule 19.[23] Rule 19 provides for the joinder of persons needed for just adjudication. It "establishes a multi-step test for determining whether absent persons are necessary or indispensable to pending litigation."[24] Under Rule 19(a), the Court determines whether an absent person should be party to the litigation because they have an interest in the subject of the action which, if they are not included, will "as a practical matter impair or impede that person's ability to protect that interest," or subject them to substantial risk of multiple or inconsistent obligations related to

---

[20] D.I. 14, at 8.

[21] *See* 12 *Del. C.* §49A-116(a)(2), (3) and (4).

[22] D.I. 12, at 12-13.

[23] Ct. Ch. R. 12(b)(7).

that interest.[25] If their joinder is necessary, the Court orders them to be joined.[26] If joinder is not feasible, "Rule 19(b) provides a balancing test whereby the Court must determine whether the action can equitably proceed without the absent party."[27]

In this case, I find Richard Jr. was appointed first alternate agent in the DPOA, and, as a practical matter, his ability to act as Richard Sr.'s agent in the future would be impaired if this litigation addresses previous actions under the DPOA in his absence.[28] I also consider, *sua sponte*, whether the principal of the durable power of attorney, Richard Sr., should be a party to the litigation. The DPOA took effect when executed by Richard Sr. on July 25, 2013, and actions

---

[24] *S'holder Representative Servs. LLC v. RSI Holdco, LLC*, 2019 WL 2207452, at *4 (Del. Ch. May 22, 2019).

[25] *NAMA Holdings, LLC v. Related World Mkt. Ctr., LLC*, 922 A.2d 417, 436 (Del. Ch. 2007) (citing Ct. Ch. R. 19(a));

[26] *Cf. Council of Civic Organizations of Brandywine Hundred, Inc. v. New Castle Cty.*, 1991 WL 279374, at *2 (Del. Ch. Dec. 26, 1991), *on reargument,* 1992 WL 24987 (Del. Ch. Feb. 11, 1992).

[27] *Council of Civic Organizations of Brandywine Hundred, Inc.*, 1991 WL 279374, at *2. Rule 19(b) factors include: to what extent a judgment might be prejudicial to the absent person or parties; the extent to which provisions in the judgment can lessen or avoid prejudice; whether the person's absence will render the judgment inadequate; and whether the plaintiff will have an adequate remedy if the action is dismissed for non-joinder. Ct. Ch. R. 19(b). The factors are interdependent and must be considered in relation to each other and the facts of the case. *Makitka v. New Castle Cty. Council*, 2011 WL 6880676, at *4 (Del. Ch. Dec. 23, 2011) (citations omitted).

[28] On July 25, 2013, Richard Jr. accepted his appointment as first alternate agent when he executed his agent's certification so his obligations under DPPAA commenced at that

9

taken by Sue under the DPOA would, undoubtedly, affect Richard Sr.'s interests.[29]

And, Richard Sr. is presumed to have legal capacity under DPPAA.[30]

Accordingly, I find that Richard Sr.'s interests, as the DPOA's principal, would be impaired without his joinder as party to this action. I order the joinder of both Richard Sr. and Richard Jr. as parties to the litigation under Rule 19(a). Since, at this time, there is no evidence that Richard Sr. or Richard Jr. cannot be joined as parties to this action, or that this action cannot proceed equitably if their joinder is not feasible, I recommend the Court deny dismissal of the Petition under Rule 12(b)(7), without prejudice.[31]

Finally, Sue argues the Petition should be dismissed because it improperly seeks a guardianship without complying with the Delaware guardianship law. David contends his action addresses Sue's misuse of authority, as Richard Sr.'s

---

time. *See Del. C.* §49A-113 ("a person accepts appointment as an agent under a personal power of attorney by signing the agent's certification").

[29] A personal power of attorney is effective upon execution unless the principal provides in that document that "it becomes effective at a future date or upon the occurrence of a future event or contingency." 12 *Del. C.* §49A-109(a); *see also Estate of Dean*, 2014 WL 3221222, at *4 (Del. Ch. June 30, 2014). There is no provision in the DPOA to indicate it was not effective upon execution. *See* D.I. 14, Ex. A.

[30] *See* 12 *Del. C.* §49A-116(c) ("Upon motion by the principal, *who shall be presumed to have legal capacity*, the Court shall dismiss a petition filed under this section, unless the Court finds that the principal lacks capacity to revoke the agent's authority or the personal power of attorney." (emphasis added)).

[31] *See* Ct. Ch. R. 19(b) ("If a person as described in [Rule 19(a)] . . . cannot be made a party, the Court shall determine whether in equity and good conscience the action should

agent, not a guardianship. Although the Petition includes some language more typically found in guardianship petitions, I find David seeks relief under DPPAA and not the appointment of a guardian for Richard Sr. Therefore, I recommend the Court deny dismissal of the Petition for its failure to comply with the Delaware guardianship statute.

## III.   Conclusion

Based upon the reasons set forth above, I recommend the Court deny Respondent's motion to dismiss in its entirety, including under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, and under Rule 12(b)(7), without prejudice, for the failure to join an indispensable party. I order the joinder of Richard Tikiob, Jr. and Richard Tikiob, Sr., as parties to this action. This is a final report and exceptions may be taken pursuant to Court of Chancery Rule 144.

Respectfully,

/s/ Patricia W. Griffin

Patricia W. Griffin
Master in Chancery

---

proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable.")

11